UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOE ABDOUCH, et al.,

    Plaintiffs,

vs.                                    Case No. 3:24-cv-310-MMH-SJH

ALEJANDRO MAYORKAS, et al.,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 19; Motion), filed on July 2, 2024.[1] In the Motion, Defendants request that the Court dismiss Plaintiffs' Complaint for Writ of Mandamus and Declaratory Judgment (Doc. 1; Complaint) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Rule(s)).[2] See Motion at 1. Plaintiffs, Rasem Abdouch and Joe Abdouch, filed a response in opposition to the Motion. See Response in

---

[1] Defendants are Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security; Ur M. Jaddou, in her official capacity as Director of United States Citizenship and Immigration Services (USCIS); and Donna Campagnolo, in her official capacity as Director of the California Service Center of USCIS (collectively "Defendants"). See Complaint ¶¶ 20–22.

[2] In the alternative, Defendants request that Count II be dismissed pursuant to Rule 12(b)(6). See Motion at 11–12.

Opposition to Motion to Dismiss (Doc. 27; Response), filed August 20, 2024. Accordingly, this matter is ripe for review.

## I. Legal Standard

Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Relevant here, attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks. See Lawrence v. Dunbar, 919 F.2d 1525, 1528–29 (11th Cir. 1990); see also Jones v. Waffle House, Inc., Case No. 6:15-cv-1637-Orl-37DAB, 2016 WL 3231298, at *3 (M.D. Fla. June 13, 2016).[3] "Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." Lawrence, 919 F.2d at 1529 (quotations and alterations omitted). "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (quotations omitted). Nevertheless, the Eleventh Circuit has cautioned that courts should only resolve a factual challenge to the existence of subject matter jurisdiction in ruling on a motion to dismiss pursuant to Rule 12(b)(1) "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." See Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quoting Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1261 (11th Cir. 1997)). When the facts necessary to sustain jurisdiction implicate the merits of a plaintiff's claim, "'[t]he proper course of action . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case[.]'" See Lawrence, 919 F.2d at 1529 (quoting Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. May 20, 1981)); see also Tokyo Gwinnett, LLC v. Gwinnett Cnty., Ga, 940 F.3d 1254, 1266 (11th Cir. 2019).[4] In such cases, the Court must "treat the motion as a motion for summary judgment under Rule 56 and refrain from deciding disputed factual issues." Morrison, 323 F.3d at 925 (alterations omitted); see Tokyo Gwinnett, 940 F.3d at 1266.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## II. Background[5]

Plaintiffs Rasem Abdouch and Joe Abdouch are United States citizens. See Complaint ¶ 3. Non-party "Yara Abdouch, who is the adult child of . . . Rasem M. Abdouch and the sibling of . . . Joe Abdouch," resides in Syria. Id. ¶¶ 25, 35. On March 13, 2017, Rasem Abdouch filed a "Form I-130" for the benefit of Yara Abdouch. Id. ¶¶ 24–25. And on August 29, 2017, Joe Abdouch filed a "Form I-130" also for the benefit of Yara Abdouch. Id. The purpose of a Form I-130 "is to prove that a valid family relationship exists between a United States citizen or green card holder and a person seeking to immigrate to the United States." Id. ¶ 4. Thus, through the filing of their Form I-130s, Plaintiffs sought to "progress [Yara Abdouch's] immigration process to the United States" in an attempt "to achieve family reunification." Id. ¶¶ 25, 34. However, as of the filing of the Complaint, Rasem Abdouch's Form I-130 "has been pending before USCIS for six (6) years, eleven (11) months, and seven (7) days[.]" Id. ¶ 26. And Joe Abdouch's Form I-130 "has been pending for six (6) years, five (5) months, and twenty-one (21) days." Id. As a result of this delay,

---

[5] In the Motion, Defendants do not state whether they are asserting a facial attack or factual attack on the Court's subject matter jurisdiction. Thus, for the purposes of this Order, the Court will presume that Defendants are asserting a facial attack, and will accept all factual allegations in the Complaint as true. See Lawrence, 919 F.2d at 1528–29. As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

Plaintiffs initiated the instant action seeking an order from the Court compelling Defendants to adjudicate their Form I-130s. Id. ¶ 9.

### III. Discussion

In the Complaint, Plaintiffs (1) seek a writ of mandamus pursuant to 28 U.S.C. § 1361 and (2) assert a violation of the Administrative Procedure Act (APA) under 5 U.S.C. § 706. See Complaint at 11–12. Defendants argue that Counts I and II should be dismissed because the Court lacks subject matter jurisdiction over this action. See Motion at 1. In the alternative, Defendants contend that Count II should be dismissed because it fails to state a claim under Rule 12(b)(6). See id. at 11–12. Plaintiffs concede that the Court lacks subject matter jurisdiction over Count I, and consent to its dismissal. See Response at 5. However, Plaintiffs contend that the Court has subject matter jurisdiction over Count II, and that they have stated a plausible claim for relief under the APA. See id. at 7. For the reasons discussed below, the Motion is due to be granted.

#### A. Writ of Mandamus (Count I)

In Count I, Plaintiffs seek a writ of mandamus pursuant to 28 U.S.C. § 1361. See Complaint at 11. Under 28 U.S.C. § 1361, the Court has original jurisdiction to hear "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id. Mandamus relief, however, "is only appropriate

when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). Here, Plaintiffs concede that the Court lacks the ability to grant mandamus relief because Congress has not created a clear duty for "USCIS to timely resolve their Form I-130s[.]" See Response at 6. Accordingly, Count I of the Complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction.

### B. APA (Count II)

In Count II, Plaintiffs assert that Defendants violated the APA by failing to adjudicate their Form I-130s in a timely manner. See Complaint at 12 (citing 18 U.S.C. § 706(1)). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." Perez v. U.S. Bureau of Citizenship & Immigr. Servs. (USCIS), 774 F.3d 960, 965 (11th Cir. 2014) (citing Califano v. Sanders, 430 U.S. 99, 105–07 (1977)). Relevant here, the APA requires federal agencies to address matters presented to them "within a reasonable time," 5 U.S.C. § 555(b), and allows federal courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1). However, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required

to take." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004) (emphasis in original). Thus, the Court lacks jurisdiction under the APA to review an action that "is committed to agency discretion by law[.]" See 5 U.S.C. § 701(a)(2). And may "only compel an agency to perform a ministerial or nondiscretionary act, or to take action upon a matter without directing the agency how it shall act." Alfassi v. Garland, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022) (citing Norton, 542 U.S. at 64)).

In the Motion, Defendants argue that the pace at which USCIS processes Form I-130s is a discretionary act that is not reviewable by the Court. See Motion at 10. Plaintiffs fail to raise an argument in opposition. Instead, Plaintiffs summarily contend that the "Court unquestionably has federal question jurisdiction under 28 U.S.C. § 1331." Response at 6. Upon consideration of the record, Plaintiffs have failed to convincingly argue, or present any legal authority suggesting, that the pace at which Defendants process Form I-130s constitutes a ministerial or non-discretionary act. As such, the Court finds that it lacks jurisdiction to review Plaintiffs' claim under the APA.

In reaching this conclusion, the Court finds the Alfassi opinion to be persuasive. In Alfassi, the court held that "[b]ecause the pace of USCIS' processing of I-130 Petitions is left to the sound discretion of the agency, and because such pacing neither qualifies as or is subject to a nondiscretionary act,

the Court lacks the jurisdiction to hear the claim and the authority to Order USCIS to expedite review of Plaintiffs' Petition." Alfassi, 614 F. Supp. 3d at 1256. Here, Plaintiffs do not allege that Defendants have declined to adjudicate their Form I-130s, only that Defendants have failed to adjudicate their Form I-130s "in a reasonable time." Complaint ¶ 58 (citing 5 U.S.C. § 706(1)). Because Plaintiffs have failed to allege that the processing of their Form I-130s "is a non-discretionary act actionable under the APA," the APA "cannot serve to vest this Court with jurisdiction[.]" Alfassi, 614 F. Supp. 3d at 1256. Accordingly, Count II of the Complaint is also due to be dismissed without prejudice for lack of subject matter jurisdiction.[6]

## IV. Conclusion

For the foregoing reasons, the Court finds that Count I is due to be dismissed because Plaintiffs are not entitled to mandamus relief. Count II is also due to be dismissed because Plaintiffs have not shown that the Court has jurisdiction under the APA.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. 19) is **GRANTED**.

---

[6] As the Court lacks subject matter jurisdiction over this action, it does not address Defendants' request to dismiss Count II pursuant to Rule 12(b)(6).

2. Plaintiffs' Complaint for Writ of Mandamus and Declaratory Judgment (Doc. 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

3. The Clerk of the Court is **directed** to close the file and terminate any pending motions as moot.

**DONE AND ORDERED** in Jacksonville, Florida this 18th day of December, 2024.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:
Counsel of Record

- 9 -